UNITED STATES of America, Plaintiff,

v.

Ralph Frank CHAPMAN, Defendant.

No. 77–Cr–79.

United States District Court,
E. D. Wisconsin.

Aug. 30, 1977.

William J. Mulligan, U. S. Atty. by Thomas E. Martin, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Shellow & Shellow by Stephen M. Glynn, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has filed a motion to dismiss the two count indictment charging him with mailing threatening communications in violation of 18 U.S.C. § 876. The motion will be denied.

## COUNT I

The first count of the indictment charges that the defendant:

". . . knowingly did deposit in an authorized depository for mail matter, to be sent and delivered by the Postal Service, a written communication addressed to Radio Station WRIT, 5407 McKinley Avenue, Milwaukee, Wisconsin, and containing a threat to injure the person of one Sue O'Brien, all in violation of Section 876, Title 18, United States Code of Laws."

Section 876 provides, in part, that:

"Whoever knowingly . . . deposits [in any post office or authorized depository for mail matter] or causes to be delivered as aforesaid, any communication . . . addressed to any other person and containing . . . any

threat to injure the person of the addressee or of another . . . ."

shall be guilty of an offense against the United States.

The defendant claims that count one of the indictment does not allege a violation of § 876 because it charges that the written communication in question was addressed to "Radio Station WRIT" rather than a natural person.

The government responds by stating that the radio station is alleged as the addressee only for the purpose of identifying the particular mailing which is the focus of the prosecution so that the defendant has notice of the facts underlying the charge. The government has attached a copy of the communication underlying count one of the indictment. The communication is a postcard addressed on its front side to radio station WRIT. The allegedly threatening communication appears on the reverse side underneath the greeting "Sue 'Nitwit' O'Brien:."

Sue O'Brien is the person at whom the threat to injure was directed, according to the indictment. Thus, the front side of the card is addressed to the station, and the back side of the card is addressed to a person. Does the statute contemplate that the "addressed" person be found only on one side of the card and not the other?

■■■ I believe that a threatening letter is "addressed" to a person within the meaning of § 876 if the letter itself is directed to the attention of a specific person, even though the delivery instructions direct that the mail carrier deliver the letter to an institution, such as a place of employment. I therefore find that count one sufficiently alleges a violation of 18 U.S.C. § 876.

## COUNT II

Count two of the indictment charges that the defendant:

". . . knowingly did deposit in an authorized depository for mail matter, to be sent and delivered by the Postal Service, a written communication addressed

to The Honorable John W. Reynolds, Chief District Judge for the Eastern District of Wisconsin, and Dr. John A. Gronowski [sic], Special Master for said District Court, and containing a threat to injure the person of the addressees, that is, he and others would kill the addressees, all in violation of Section 876, Title 18, United States Code of Laws."

The defendant urges that an examination of the communication in question reveals two bases for dismissing count two. First, it is claimed that the communication is addressed only to Dr. Gronouski and not to Judge Reynolds; thus, by alleging that both are addressees the indictment does not allege an offense under § 876. Secondly, it is claimed that even if the defendant authored and mailed the communication, the alleged threat is nothing more than "political hyperbole" protected by the First Amendment and therefore cannot be the basis for a criminal prosecution.

█ The defendant has submitted a copy of the communication in question as an exhibit to its motion. The government does not dispute that this document is that which underlies count two but contends that the court may not refer to it or any other matter outside of the indictment in deciding the present motion. However, since the parties agree that the communication submitted by the defendant is the basis for count two, it is not inappropriate to refer to it for purposes of the present motion. I have noted previously that the prosecution attached the mailed communication involved in count one to its brief.

Based on my review of the document, I must deny the defendant's motion to dismiss because neither of the defenses advanced are "capable of determination without the trial of the general issue . . .." Rule 12(b), Federal Rules of Criminal Procedure.

█ With respect to the defendant's first defense, I am unable to decide as a matter of law that the communication is addressed only to Dr. Gronouski. The task of deciphering the document in question will be for the trier of fact.

Furthermore, even if I were to find that the communication were addressed solely to Dr. Gronouski, the defendant's motion would be denied because count two would nevertheless allege an offense under § 876. It is an offense under the plain language of § 876 even if the threat is directed to a person other than the addressee. It is therefore immaterial if it were determined that Judge Reynolds was not an addressee since the indictment charges that the communication contained a threat to injure him.

With respect to the defendant's second defense, I am also unable to rule as a matter of law that the communication does not contain a threat and is protected by the First Amendment.

In *United States v. Prochaska*, 222 F.2d 1, 2 (7th Cir. 1955), the court held that the existence of a threat under § 876 depends upon:

". . . whether the essential significance of the language used by the defendant necessarily constituted a threat to injure the person of Frank; whether the actual meaning of the language, plus its necessary suggested implications, was such as reasonably to instill in him the actual apprehension of impending bodily harm."

Under this test, whether or not the communication in question constitutes a threat is a factual question going to the heart of the general issue for trial. The mailed matter in question, annexed to the defendant's brief, contains expressions such as ". . . you will die terribly . . ." and "If you want to end up in a vat somewhere . . .." I therefore decline to rule as a matter of law that the communication is not a threat under § 876 or that it is merely "political hyperbole" aimed at officials of government.

For the above reasons, I am unable to sustain either of the defendant's attacks upon the indictment.

Therefore, IT IS ORDERED that the defendant's motion to dismiss the indictment be and hereby is denied.