**UNITED STATES of America,**
**Plaintiff,**

v.

**Timothy Mark BROWNFIELD,**
**Defendant.**

**No. SACR00–155 AHS.**

United States District Court,
C.D. California,
Southern Division.

Feb. 21, 2001.

---

Alejandro N. Mayorkas, United States Attorney, Kevin E. Smith, Assistant United States Attorney, Santa Ana, for plaintiff.

Maria E. Stratton, Federal Public Defender, Elizabeth G. Macias, Deputy Federal Public Defender, Santa Ana, for defendants.

## OPINION ON ORDER OF DISMISSAL OF INDICTMENT

STOTLER, District Judge.

### I.

### *INTRODUCTION*

Defendant Brownfield's motion to dismiss the single-count Indictment against him raises an issue of statutory interpretation that is a question of first impression in this Circuit: is an agency of the federal government a "person" for purposes of applying Title 18, United States Code, Section 876. Based on the arguments and authorities raised by the parties in their briefs and in oral arguments, and the Court's own independent research, the Court concludes that the answer is "no." The Federal Bureau of Investigation is not a "person" for purposes of prosecution under 18 U.S.C. § 876. For that reason, the Court dismisses the Indictment against defendant for failure to state an offense pursuant to Federal Rule of Criminal Procedure 7(c)(1).

### II.

### *PROCEDURAL BACKGROUND*

On December 6, 2000, the Grand Jury indicted defendant Timothy Mark Brownfield for violating 18 U.S.C. § 876 (mailing threatening communications). The single-count Indictment in its entirety reads as follows:

The Grand Jury charges:

[18 U.S.C. § 876]

On or about October 30, 2000, in Orange County, within the Central District of California, defendant TIMOTHY MARK BROWNFIELD knowingly deposited in an authorized depository for mail matter, to be sent and delivered by the Postal Service, and caused to be delivered by the Postal Service according to the direction thereon, a communication addressed to the Federal Bureau of Investigation, 901 Civic Center Drive

West, Santa Ana, CA 92701, that contained a threat to injure the person of Moon Unit Zappa, that is, that defendant would murder Moon Unit Zappa.

On December 20, 2000, defendant filed a motion to dismiss the Indictment on the ground that the Indictment fails to allege an essential element of the crime, and, therefore, fails to state an offense pursuant to Fed.R.Crim.P. 7(c)(1).

Oral argument was first held January 8, 2001, based on the government's opposition filed on January 3, 2001, and the defendant's reply filed on January 5, 2001. Because of a new argument raised by the prosecution at the hearing, the Court continued the hearing on defendant's motion to January 16, 2001, to allow further briefing by the parties on the issue of whether the federal government, or an agency thereof, was a "person" under 18 U.S.C. § 876. On January 11, 2001, both sides filed supplemental briefs, and final arguments were held on January 16, 2001. At the conclusion of the hearing, when informed by the government that the Indictment could not be amended, the Court ordered the Indictment and the action dismissed.

## III.

### *DISCUSSION*

#### A. The Statute

■ Title 18, United States Code, Section 876, in relevant part as follows: [1]

Whoever knowingly deposits or causes to be delivered [to any post office or authorized depository for mail matter] any communication, with or without a name or designating mark subscribed thereto, *addressed to any other person* and containing any threat ... to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both.

[Emphasis added.]

#### B. The Parties' Contentions

The contested statutory language in this case is the requirement that the threatening communication be "addressed to any other person." Defendant points out the obvious, that the Indictment "does not allege that the communication was addressed to a "person," but only alleges that the communication was 'addressed to the Federal Bureau of Investigation.'" Mot. at 4:23–27. He argues that "person," for purposes of section 876, does not include the federal government. Def.'s Suppl. Br. at 3:2–5. Otherwise, including the federal government in the definition of "person" in section 876 "effectively write[s] this element out of the statute," and "had Congress intended the definition of 'person' ... to extend to a government agency such as the Federal Bureau of Investigation, it could have done so. Congress' failure to do so strongly implies that Congress did not intend the definition of 'person' to extend to a government agency." Def.'s Suppl. Br. at 2:24–3:1, 4:4–5. According to defendant, the Indictment's failure to allege that the letter was addressed to a natural person renders the Indictment "fatally defective." Mot. at 5:1–2.

The government counters that the definition of "person" in Title 1 U.S.C. section 1 (The Dictionary Act) applies to section 876.[2] Gov't's Suppl. Br. at 3:10–19. Section 1 provides a non-exhaustive list of definitions for "person," which includes, but is not limited to corporations, companies, associations, firms, partnerships, and, according to the government, "even governmental entities." *Id.* at 2:21–25. The government argues that section 1 applies to violations of Title 18; thus, the definition of person in section 876 includes governmental entities such as the Federal Bureau of Investigation (F.B.I.). *Id.* at 3:1–9.

The government further argues that "by allowing that the threat can be to a person other than the addressee, the statute does

---

1. Unless otherwise indicated, "section 876" hereinafter refers to 18 U.S.C. § 876 (2000).

2. Unless otherwise indicated, "section 1" hereinafter refers to 1 U.S.C. § 1 (1997).

not foreclose the possibility that the addressee could be an entity other than a natural person." Gov't's Suppl. Br. at 3:16–19. Common sense, according to the government, requires that the definition of "person" include the federal government, or else "a person could avoid prosecution under § 876 by merely addressing a threat to injure the threatened person's place of employment. This would defeat the very purpose of the statute, which is to protect private citizens' sense of security." Opp'n at 4:1–4.

The communication defendant allegedly addressed to the F.B.I. containing a threat against Moon Unit Zappa is not recited in or attached to the Indictment. The Court's analysis is, therefore, necessarily restricted to the face of the Indictment as quoted above.

## C. Section 1 Generally Applies to Criminal Statutes.

Section 1 provides that "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise . . . the words 'person' and 'whoever' include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." 1 U.S.C. § 1. The Court of Appeals for the Ninth Circuit has applied section 1 to criminal statutes for the purpose of imposing criminal liability on a corporation or partnership. *See, e.g., United States v. Polizzi,* 500 F.2d 856, 907–908 (9th Cir. 1974) (applying section 1 to impose criminal liability on corporation); *and Western Laundry & Linen Rental Co. v. United States,* 424 F.2d 441, 443 (9th Cir.1970) (applying section 1 to impose criminal liability on partnership).

The Supreme Court has also noted that the "connection between 1 U.S.C. § 1 and the Criminal Code . . . is more than a token one," because the 1948 amendment to the Dictionary Act, which codified the current definition of "person" in 1 U.S.C. § 1, "was first enacted into law as part of the very same statute which enacted into positive law the revised Criminal Code." *United States v. A & P Trucking Co.,* 358

U.S. 121, 123 n. 2, 79 S.Ct. 203, 206, 3 L.Ed.2d 165 (1958) (holding that partnership could be guilty of violating Interstate Commerce Commission regulations, applying section 1's definition of "person" and "whoever"). Thus, as a general matter, section 1 applies to federal criminal statutes, according to Ninth Circuit and Supreme Court authority.

## D. The Context of the Term "Person" in Section 876 Indicates That Section 1 Does Not Apply to Section 876.

Section 1's definitions "govern[ ] the meaning of acts of Congress 'unless the context indicates otherwise.' " *Al Fayed v. Central Intelligence Agency,* 229 F.3d 272, 274 (D.C.Cir.2000) (quoting 1 U.S.C. § 1). To determine whether the "context indicates" that section 1's definition of "person" should apply to section 876, the Court must consider the text of the statute "surrounding the word at issue, or the texts of other related congressional Acts." *Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 199, 113 S.Ct. 716, 720, 121 L.Ed.2d 656 (1993). The Court should also be mindful that " 'indicates' certainly imposes less of a burden than, say, 'requires' or 'necessitates.' " *Id.*

The text at issue is "person" in paragraph three of section 876. The words surrounding "person" indicate that Congress did not intend to apply section 1's definition of "person" to section 876. Paragraph three of that section provides that a defendant violates the statute when he sends "any communication . . . addressed to any other person and containing . . . any threat to injure *the person* of the addressee or of another." 18 U.S.C. § 876 (emphasis added). The language specifying "the person" of the addressee or of another as the target of the threatened injury denotes the physical body of a person. Otherwise, Congress would have said "containing a threat to injure the addressee or another." If section 1 applies to

section 876, and an addressee can be a corporation, for example, for criminal liability to attach, paragraph three of section 876 would be re-written to mean that a defendant violates the statute by sending a letter containing a threat to *the person of the corporation* or of another. This phrase makes no sense, because a corporation is not a physical "person," nor are joint stock companies, partnerships, and companies, all of which section 1 includes in the definition of "person."

■ Of course, "it is well understood that corporations should be treated as natural persons for virtually all purposes of constitutional and statutory analysis." *Wilson v. Omaha Indian Tribe,* 442 U.S. 653, 666, 99 S.Ct. 2529, 2537, 61 L.Ed.2d 153 (1979). Even assuming this treatment of corporations persists when courts apply criminal statutes to corporations as victims, corporations cannot be understood to have physical bodies. The same nonsensical outcome results when the Court applies to section 876 the other equivalents of "person" under section 1 which have not received the same status as natural persons under the law as corporations, such as joint stock companies and associations.

In other words, as defendant notes, applying section 1's definition of "person" to section 876 would "effectively write this element out of the statute," contrary to settled principles of statutory construction that discourage courts from interpreting an element of a crime as to give it no meaning. Def.'s Suppl. Br. at 4:1–8; *see Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000).

The government argues that the very same text of paragraph three in section 876 demonstrates that section 1 does apply. The government emphasizes the inclusion of the word "another" in the phrase "threat to injure the person of the addressee or of another." According to the government, by including "another" in this phrase, and thereby "allowing that the threat can be to a person other than the addressee, the statute does not foreclose the possibility that the addressee could be an entity other than a natural person." Gov't's Suppl. Br. at 3:13–19.

The government misreads section 876. Section 876 does not read "threat to injure the person of the addressee or another," as the government paraphrases the text. Gov't's Suppl. Br. at 3:15–16. The statute reads, "threat to injure the person *of* the addressee or *of* another," meaning "the person of another," and, as explained above, "person" denotes a physical body. 18 U.S.C. § 876.

In the Court's view, the context indicates that "person" in section 876 means a natural person, and that, therefore, section 1 does not apply to section 876.

## E. Assuming Section 1 Were to Apply to Section 876, "Person" Does Not Include the Federal Government.

### 1. Longstanding presumption against "person" including the federal government.

■ The longstanding interpretive presumption is that "the term 'person' [in a statute] does not include the sovereign [and] statutes employing the phrase are ordinarily construed to exclude it." *United States v. Cooper Corporation, et al.,* 312 U.S. 600, 604, 61 S.Ct. 742, 742, 85 L.Ed. 1071 (1941); *see also Vermont Agency of Natural Resources v. United States ex rel. Stevens,* 529 U.S. 765, 120 S.Ct. 1858, 1866–67, 146 L.Ed.2d 836 (2000); *and United States ex rel. Long v. SCS Business & Technical Institute,* 173 F.3d 870, 874–75 (D.C.Cir.1999). "The presumption is, of course, not a 'hard and fast rule of exclusion' . . . but may be disregarded only upon affirmative showing of statutory intent to the contrary." *Vermont Agency of Natural Resources,* 120 S.Ct. at 1867 (citing *Cooper Corp.,* 312 U.S. at 604–05, 61 S.Ct. 742).

In the context of civil cases, the Supreme Court has construed "person" in section 1 to exclude the United States Government. *See, e.g., United States v. United Mine Workers,* 330 U.S. 258, 275,

67 S.Ct. 677, 91 L.Ed. 884 (1947); *see also Al Fayed v. C.I.A.*, 229 F.3d at 274. The Supreme Court has also found that "person" in section 1 excludes states (*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69–70, nn. 8–9, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)), but includes municipalities (*Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 688–89, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

Here, the government provides no evidence of legislative intent, much less makes an affirmative showing, that "person" in either section 1 or section 876 includes the federal government. The legislative history of section 1 shows, if anything, that "person" as applied in section 1 does not include the federal government. The original enactment of The Dictionary Act defined "person" to include individuals and "bodies politic and corporate." *See Reuter v. Skipper*, 4 F.3d 716, 719 (9th Cir.1993) (citing The Dictionary Act, § 2, 1871, 16 Stat. 431). Congress amended The Dictionary Act in 1948 and inserted a broader definition of "person" to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals," the same definition that appears in section 1 today. *Id.* at 720 (citing 1 U.S.C. § 1). Congress' broadening of the definition, yet continuing to exclude the federal government, indicates that the federal government is meant to be excluded from the definition of "person" in section 1. *See United Mine Workers*, 330 U.S. at 275, 67 S.Ct. 677 ("Congress made express provision [in 1 U.S.C. § 1] for the term ['person'] to extend to partnerships and corporations ... [and the] absence of any comparable provision extending the term to sovereign governments implies that Congress did not desire the term to extend to them."). Thus, even if it be assumed that section 1 applies to section 876, the allegations of the Indictment remain deficient because the federal government is not a person within the meaning of section 1.

The government cites to the Ninth Circuit's holding in *United States v. Hughes Aircraft Co., Inc.*, that the government is a "person" under section 1. *United States v. Hughes Aircraft Co., Inc.*, 20 F.3d 974, 981 (9th Cir.1994). However, the *Hughes Aircraft* court did not apply section 1 to "person" as an element of a crime, but instead applied section 1 to a statutory provision pertaining to a defendant's payment of fines upon sentencing, 18 U.S .C. § 3623(c)(1) (repealed). *Id.* at 980. As the government admits, no federal case cites *Hughes Aircraft* as support for a finding that the government is a person under section 1, or otherwise applies the definition of "person" in section 1 to the government as part of a statutory element of a crime. *Hughes Aircraft*, therefore, cannot support the conclusion the government would have it bear.

The government does not address the "longstanding presumption" and Supreme Court and Ninth Circuit cases excluding the federal government from the definition of person in section 1. The government adheres to its arguments that section 1 applies to section 876; that section 1 is not an exhaustive list of entities included within the definition of person, and "thus" section 1 includes "even government entities." Gov't's Suppl. Br. at 3:3–7. But, as discussed above, the case law does not support this outcome.

**2. Other interpretive tools do not support including the federal government within the definition of "person" in section 876.**

The "conventional reading of 'person' may ... be disregarded if 'the purpose, the subject matter, the context, the legislative history, [or] the executive interpretation of the statute [*i.e.*, section 876] ... indicate an intent, by use of the term, to bring state or nation within the scope of the law.' " *Al Fayed v. C .I.A.*, 229 F.3d at 276 (quoting *International Primate Protection League v. Administrators of Tulane Educational Fund*, 500 U.S. 72, 83 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991)).

The context of "person" in section 876, as explained above, does not include an agency of the federal government within its definition because that context shows "person" to mean a natural person. The parties do not cite, nor has the Court found, legislative history pertaining to, or executive interpretations of, "person" in section 876 which would support inclusion of the federal government within the meaning of section 876.

It should be asked, therefore, whether the purpose or subject matter of section 876 overcomes the presumption that "person" excludes the federal government. Chapter 41 of the United States Code pertains to "Extortion and Threats," crimes seemingly directed to personal safety, an issue not raised for non-natural entities such as corporations, partnerships, and government agencies. The subject matter of section 876, evidenced by the heading of the section "mailing threatening communications," does not indicate whether "person" includes the federal government, contrary to the usual presumption. The government argues that the purpose of the statute is to "protect private citizens' sense of security." Opp'n at 4:3–4. Assuming the government is correct, this purpose supports the finding that "person" in section 876 means a natural person.

■ Finally, two principles of statutory construction weigh in favor of excluding the federal government from the meaning of "person" in section 876. First, as noted above, the Supreme Court has long found "person" to exclude the sovereign, and "[i]t is presumable that Congress legislates with knowledge of [the Supreme Court's] basic principles of statutory construction." *Rowland v. California Men's Colony*, 506 U.S. at 201, 113 S.Ct. 716 (citation omitted). Had Congress intended to include the federal government within the meaning of "person" in section 876, Congress would have used different language or simply excluded "person" from most of paragraph three in section 876.

Second, "[i]t is an ancient rule of statutory construction that penal statutes should be strictly construed against the government or parties seeking to enforce statutory penalties and in favor of persons on whom the penalties are sought to be imposed." 3 Norman Singer, Sutherland Statutory Construction, § 59.03 (5th Ed.1992); *see also Jones v. United States,* 120 S.Ct. at 1912.

■ The government alternatively argues that under section 876, "the addressee of a threatening communication can be an institution or place of employment as long as the threat is directed at a specific person." Opp'n at 4:5–8 (citing *United States v. Chapman,* 440 F.Supp. 1269, 1270 (E.D.Wis.1977)). The government contends that the Indictment is sufficient because, "while the delivery instructions directed the mail carrier to deliver the communication to the Federal Bureau of Investigation, the threat was directed to a specific person, i.e., Moon Zappa." Opp'n at 4:13–16 (citing *Chapman,* 440 F.Supp. at 1270).

The Court agrees that "a threatening letter is 'addressed' to a person within the meaning of § 876 if the letter itself is directed to the attention of a specific [natural] person, even though the delivery instructions direct that the mail carrier deliver the letter to an institution, such as a place of employment." *Chapman,* 440 F.Supp. at 1270. However, the government misreads *Chapman* in arguing the statute only requires that the "threat [be] directed to a specific person." Opp'n at 4:15–16. The *Chapman* court specified that liability under section 876 attaches if the threatening communication, such as a letter or postcard, and not just a threat, was addressed to a specific person. *Chapman,* 440 F.Supp. at 1270. The court found this requirement met where "[t]he communication is a postcard addressed on its front side to a radio station ... [and][t]he allegedly *threatening communication* appears on the reserve side underneath the greeting Sue 'Nitwit' O'Brien." *Id.* (emphasis added). Furthermore, paragraph three of section 876 specifies that

liability attaches when a defendant sends "any *communication* ... containing ... any threat to injure a person." 18 U.S.C. § 876. The government's alternative argument, therefore, does not save the Indictment from dismissal.

The government's construction of the statute gives rise to its contention that its reading of "person" in section 876 "eliminates the unjust result of someone avoiding prosecution under the statute by merely addressing a threatening communication to the threatened person's place of employment or some other institution." Gov't's Suppl. Br. at 3:20–23. It is not an unjust result, however, when a penal statute is construed in accordance with applicable principles of law, discussed above. The Court must conclude that the text and legislative history of both section 876 and section 1, relevant case law, and the longstanding principles of statutory interpretation support prosecution under section 876 only when the threatening communication is addressed to a person and not an agency of the federal government.

## IV.

### CONCLUSION

Defendant's motion to dismiss the Indictment is granted for its failure to state an offense pursuant to Fed.R.Crim.P. 7(c)(1).

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on counsel for all parties in this action.