PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

GWYNIECE HUTCHINS,

*Plaintiff-Appellant,*

v.

UNITED STATES DEPARTMENT OF
LABOR,

*Defendant-Appellee.*

No. 11-1375

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
J. Michelle Childs, District Judge.
(8:09-cv-00346-JMC)

Argued: March 20, 2012

Decided: June 21, 2012

Before NIEMEYER, GREGORY, and WYNN,
Circuit Judges.

Affirmed by published opinion. Judge Wynn wrote the opinion, in which Judge Niemeyer and Judge Gregory concurred.

**COUNSEL**

**ARGUED:** Beth Drake, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF:** Edwin L. Turnage, HARRIS & GRAVES, PA, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, Columbia, South Carolina, for Appellee.

**OPINION**

WYNN, Circuit Judge:

5 U.S.C. § 8132 states that "[i]f an injury or death for which compensation is payable under" the Federal Employees' Compensation Act "is caused under circumstances creating a legal liability in a person other than the United States to pay damages, and a beneficiary entitled to compensation from the United States for that injury or death receives money or other property in satisfaction of that liability[,]" the beneficiary "shall refund to the United States the amount of compensation paid by the United States." Because we agree with the Department of Labor that the Town of Ninety Six, South Carolina qualifies as a "person other than the United States," we uphold the district court's determination that Gwyniece Hutchins must reimburse the Department of Labor out of a money judgment she obtained in a state court action against the Town of Ninety Six. Accordingly, we affirm the district court's grant of summary judgment in the Department of Labor's favor.

I.

In August 2004, Gwyniece Hutchins, a letter carrier with the United States Postal Service, stepped on an improperly-fitted manhole cover maintained by the Town of Ninety Six,

South Carolina ("the Town"). The manhole cover flipped up, and Hutchins fell into the manhole, sustaining serious injuries.

Because Hutchins was injured in the course of her duties as a United States Postal Service employee, she filed a claim for workers' compensation under the Federal Employees' Compensation Act ("FECA"). The Department of Labor's Office of Workers' Compensation Programs ("Office of Workers' Compensation") accepted Hutchins's claim as covered by FECA and paid Hutchins lost wages and medical benefits.

In 2007, Hutchins accepted an offer of judgment, for $275,000.00, arising from a South Carolina state court action that she brought against the Town. The Department of Labor, through its Office of Workers' Compensation, asserted that it was entitled to recover $87,905.37 from that judgment. Hutchins opposed the Department of Labor's assertion, arguing that the Town was not a "person" under 5 U.S.C. §§ 8131 and 8132 and that if 5 U.S.C. § 8131 were construed to allow such a claim, it would be unconstitutional. The Office of Workers' Compensation rejected Hutchins's arguments and determined that the Department of Labor was entitled to reimbursement of the $87,905.37 under 5 U.S.C. § 8132. Hutchins paid the sum but appealed the Office of Workers' Compensation's decision to the Employees' Compensation Appeals Board ("Appeals Board"). The Appeals Board affirmed.

In February 2009, Hutchins filed a complaint in the United States District Court for the District of South Carolina. With her complaint, brought pursuant to the Administrative Procedures Act, Hutchins claimed that the Department of Labor's taking the $87,905.37 violated both FECA and the Constitution. Hutchins and the Department of Labor ultimately filed cross-motions for summary judgment. The district court granted the Department of Labor's motion, concluding that Hutchins was required to reimburse the Department of Labor, and denied Hutchins's motion. Hutchins appeals.

## II.

On appeal, Hutchins argues, first, that the word "person" as used in 5 U.S.C. § 8132 does not capture the Town and that she is therefore not required by the statute to reimburse the Department of Labor. Second, Hutchins argues that if the word "person" does include political subdivisions such as the Town, 5 U.S.C. § 8131 is unlawful. We address each issue in turn, "review[ing the] district court's decision to grant summary judgment de novo, [and] applying the same legal standards as the district court." *Pueschel v. Peters*, 577 F.3d 558, 563 (4th Cir. 2009).

## A.

5 U.S.C. § 8132 states in relevant part that:

> If an injury or death for which compensation is payable under [FECA] is caused under circumstances *creating a legal liability in a person other than the United States* to pay damages, and a beneficiary entitled to compensation from the United States for that injury or death receives money or other property in satisfaction of that liability as the result of suit or settlement by him or in his behalf, the beneficiary, after deducting therefrom the costs of suit and a reasonable attorney's fee, shall refund to the United States the amount of compensation paid by the United States.

5 U.S.C. § 8132 (emphasis added). The issue before this Court is whether the Town qualifies as a "person other than the United States" such that Hutchins is liable to reimburse the Department of Labor out of her state court judgment.

"When confronted with a question of statutory interpretation, [this Court's] inquiry begins with an examination of the language used in the statute." *Faircloth v. Lundy Packing Co.*,

91 F.3d 648, 653 (4th Cir. 1996). In cases where "the statutory language is plain and admits of no more than one meaning, the duty of interpretation does not arise, and . . . the sole function of the courts is to enforce [the statute] according to its terms." *United States v. Murphy*, 35 F.3d 143, 145 (4th Cir. 1994) (quotation marks omitted).

Further, where a word is not defined by statute, the Court "normally construe[s] it in accord with its ordinary or natural meaning." *Smith v. United States*, 508 U.S. 223, 228 (1993). "We customarily turn to dictionaries for help in determining whether a word in a statute has a plain or common meaning." *Nat'l Coal. for Students with Disabilities Educ. & Legal Def. Fund v. Allen*, 152 F.3d 283, 289 (4th Cir. 1998).

Turning to the statute at hand, we agree with the district court that the statute's language, on its face, makes quite clear that the term "person" includes political bodies, of which municipalities such as the Town are one. The statute provides that reimbursement is required where, among other things, a beneficiary's injuries are caused by circumstances "creating a legal liability *in a person other than the United States*." 5 U.S.C. § 8132 (emphasis added).

Congress's stating that the liable party must be a "person" besides the United States makes plain that, at least for purposes of this statute, the United States is a person. Logically, then, political entities can be "persons." Hutchins's contention that "Congress did not intend for the word 'person' . . . to include States and political subdivisions" thus cannot be squared with the statute's plain language. Appellant's Br. at 8. Or, in the words of the district court, "Congress's use of the United States, a body politic, in comparison to a 'person' in whom liability could be created suggests that Congress intended like entities to be subsumed in the . . . Statute." J.A. 89.

As the district court noted, FECA does not otherwise define the term "person." Nevertheless, in the Dictionary Act, Congress provided definitions for a number of common statutory terms that courts are to apply "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise." 1 U.S.C. § 1. The Dictionary Act defines the term "person" to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." *Id.** The term "corporation," in turn, encompasses a "municipal corporation," that is, a "city, town, or other local political entity formed by charter from the state and having the autonomous authority to administer the state's local affairs." Black's Law Dictionary 341-43, 1037 (7th ed. 1999). Further, Supreme Court precedent also indicates that the term "person" encompasses municipal corporations unless a more limited use is indicated by context. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 687-89 (1978). As we have already noted, not only does nothing about the context of 5 U.S.C. § 8132 suggest that political bodies such as the Town should be excluded from the statute's ambit, but, to the contrary, the statute's language instead demonstrates to us that, in this context, political bodies indeed constitute "persons."

We also note with great interest *United States v. Lorenzetti*,

---

*Hutchins argues that the legislative history of the Dictionary Act suggests that Congress did not intend for the term "person" as used in FECA to encompass the Town. However, when Congress amended the Dictionary Act definition of "person" in 1948, it broadened the definition of "person." *See Reuter v. Skipper*, 4 F.3d 716, 719-20 (9th Cir. 1993) ("Congress amended the Dictionary Act in 1948 and inserted a broader definition of 'person,' including 'corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals.' This amendment, although it omits 'bodies politic and corporate' from the definition, does not indicate that Congress intended to exclude municipal corporations from coverage under [the federal act at issue]." (citation omitted)). Hutchins points us to no authority suggesting that this broader definition somehow excludes municipalities such as the Town.

467 U.S. 167 (1984), in which the Supreme Court addressed 5 U.S.C. § 8132, albeit with respect to a different issue, and framed the statute in broad language that clearly covers Hutchins's case. In *Lorenzetti*, a FECA beneficiary injured in a vehicle accident obtained a judgment for non-economic losses after settling a state court action against the driver of the other vehicle. The Government sought reimbursement from the settlement under 5 U.S.C. § 8132, and the question before the Supreme Court was whether the Government was entitled to reimbursement where the beneficiary's tort recovery was limited to non-economic losses, a type of loss excluded from FECA coverage. *Id.*

The Supreme Court sweepingly stated that 5 U.S.C. § 8132 imposes "only two conditions precedent" to a beneficiary's obligation to reimburse FECA for compensation payments:

> The first is that the employee must have suffered an injury or death under circumstances creating a legal liability in *a third party* to pay damages. The second is that the employee or his beneficiaries must have received money or other property in satisfaction of that liability. Here, both conditions have been met . . . .
>
> * * *
>
> At no point did Congress suggest in its deliberations that the federal right of reimbursement was to be limited to particular categories of *third-party* recoveries for injury or death.
>
> * * *
>
> [W]e hold that § 8132 entitles the United States to be reimbursed for FECA compensation out of any damages award or settlement made in satisfaction of

*third-party liability* for personal injury or death . . .
.

*Id.* at 173-74, 176, 179 (emphasis added).

Here, as in *Lorenzetti*, both conditions precedent have been satisfied. Hutchins was injured in a situation giving rise to liability in a third party—the Town; and she received money—$275,000—in satisfaction of her claim against the Town. She is therefore required, under *Lorenzetti*'s broad language, which stresses "third parties" as opposed to "persons," to reimburse the Department of Labor under FECA. This makes sense, given that "the purpose of § 8132 is . . . to minimize the cost of the FECA program to the Federal Government. . . . It is self-evident that [that] goal is directly advanced by allowing the United States to obtain reimbursement out of *any* third-party recovery . . . ." *Lorenzetti*, 467 U.S. at 177 (emphasis added).

## B.

Hutchins also contends that "[i]f 'person' is construed broadly it would allow the Department of Labor to sue States. Such action by a federal agency, if actually permitted by the FECA subrogation statute, would threaten state sovereignty and violate the important Constitution principles of federalism." Appellant's Br. at 7. Specifically, Hutchins argues that interpreting "person" to include the Town would permit the Department of Labor, under 5 U.S.C. § 8131, to sue states and their subdivisions, in violation of South Carolina's Tort Claims Act and the Constitution of the United States.

We, like the district court, decline to address this argument. The Department of Labor never required Hutchins to assign her claim to the government, nor did the government seek to prosecute an action against the Town. Rather, Hutchins personally pursued the claim, and the Department of Labor merely sought reimbursement afterwards. The legality of a

case in which the federal government brings a claim against a state is therefore simply not at hand, and we refrain from addressing it.

## III.

In sum, the statutory language and Supreme Court precedent indicate that a municipality such as the Town constitutes a "person" for purposes of reimbursement under 5 U.S.C. § 8132. The district court therefore correctly determined that Hutchins's recovery from the Town for her injuries sustained when falling into a Town manhole was properly subject to refund under FECA.

*AFFIRMED*