**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Bret RAYMER, Defendant—Appellant.**

No. 02–10510.

D.C. No. CR–01–05411–REC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 2003.

Decided July 28, 2003.

Before REINHARDT, SILER,* and HAWKINS, Circuit Judges.

MEMORANDUM**

■ Defendant–Appellant Bret Raymer ("Raymer") was convicted of a single count of mailing a threatening communication in violation of 18 U.S.C. § 876, a required element of which is that the communica-

---

* Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion be mailed to "another person." It is undisputed that Raymer's communication was mailed to the Modesto California Parking Citations Division. The government's argument that 1 U.S.C. § 1 defines "person" to include a corporation or municipal corporation fails because the context of 18 U.S.C. § 876 makes clear that "person" means a natural person:

> Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a designating mark subscribed thereto, *addressed to any other person* and containing any threat to kidnap *any person* or any threat to injure the *person* of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both.

The government has failed to prove that Raymer sent a letter to a natural person and therefore the charge must fail. *See United States v. Arias*, 575 F.2d 253, 254 (9th Cir.1978) (explaining that government has the burden of proving each essential element of a crime).

REVERSED.[1]

REINHARDT, Circuit Judge, concurring.

Judge Reinhardt concurs for the reason stated in the above memorandum disposition, but would reverse on other grounds as well, including the absence of any evidence that a "threat" was made.

---

1. A panel Order was filed on July 17, 2003, directing Appellant's release from custody.

