**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 03-2243

CLEMENTE E. (juvenile male),

Defendant-Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NO. CR-03-1042-MCA)**

Steve G. Sosa, Assistant Federal Public Defender, Las Cruces, New Mexico for
Defendant-Appellant.

Laura Fashing, Assistant United States Attorney (David C. Iglesias, United States
Attorney, with her on the brief), Albuquerque, New Mexico for Plaintiff-
Appellee.

Before **HENRY** , **LUCERO** , and **TYMKOVICH** , Circuit Judges.

**TYMKOVICH,** Circuit Judge.

The issue in this case is whether a motorist who runs a stop sign at an

immigration checkpoint drives "in excess of the legal speed limit" under federal

law. 18 U.S.C. § 758. We hold that running a stop sign is not speeding, and therefore reverse the district court.

Background

Clemente E. is a juvenile who was attempting to transport six illegal aliens in the back of his pickup through a New Mexico immigration checkpoint. As he approached the checkpoint, he ignored instructions to stop his vehicle, and, instead, proceeded through the checkpoint stop sign at 3 to 5 miles per hour (m.p.h.). He then led federal officials on a brief chase before he was apprehended. During the chase, E. never exceeded the posted speed limit of 55 m.p.h.

The government subsequently charged E. with violating 18 U.S.C. § 758, which makes it a crime to flee an immigration checkpoint "in excess of the legal speed limit."[1] The district court ruled that E. violated the statute by failing to stop at the checkpoint's stop sign. E. was then determined to be a juvenile delinquent under 18 U.S.C. § 5032 and sentenced to probation until he turns 21 years old. E. appealed and we exercise jurisdiction under 28 U.S.C. § 1291.

---

[1] Apparently because of questioning undertaken without the benefit of a Miranda warning, the government was unable to charge E. with the more serious crime of transporting illegal aliens.

<u>Analysis</u>

This case turns on the proper interpretation of 18 U.S.C. § 758.  We review questions of statutory interpretation de novo.  *United States v. Malone*, 222 F.3d 1286, 1293 (10th Cir. 2000).  A statute that is clear and unambiguous on its face must be interpreted according to its plain meaning.  *United States v. Williams*, 376 F.3d 1048, 1052 (10th Cir. 2004).

Section 758 prohibits motorists from fleeing immigration checkpoints in excess of the legal speed limit:

> Whoever flees or evades a checkpoint operated by the Immigration and Naturalization Service, or any other Federal law enforcement agency, in a motor vehicle *and* flees Federal, State, or local law enforcement agents in excess of the legal speed limit shall be fined under this title, imprisoned not more than five years, or both.

(emphasis added).  E. argues that he did not violate § 758 because he never drove over the posted speed limit of 55 m.p.h.  Rejecting this argument, the district court concluded that because the "legal speed limit" at a stop sign is 0 m.p.h., E. violated § 758 when he drove past the stop sign.

Under a straightforward application of § 758, a violation occurs when a defendant (1) flees or evades a checkpoint, (2) operated by the INS or other Federal law enforcement agency, (3) in a motor vehicle (4) in excess of the legal speed limit.  E. does not contest that his conduct satisfied the first three elements;

-3-

the only question is whether the plain meaning of "in excess of the legal speed limit" includes the failure to stop at a stop sign.

We hold that it does not. This conclusion is compelled for several reasons. First, speeding and running a stop sign are two distinct offenses under state traffic regulatory schemes. Under New Mexico traffic laws, for instance, speeding and running a stop sign are different offenses with different penalties. *Compare* N.M. STAT. ANN. § 66-7-301 (Michie 1978) (speeding) *with* N.M. STAT. ANN. § 66-7-345(C) (Michie 1978) (running a stop sign). Although running a stop sign is assuredly a traffic offense in New Mexico, it is not the traffic offense of speeding. A stop sign does not, by common understanding, create a "speed limit." Simply put, the failure to stop is not encompassed within the plain and common meaning of the statute.

Second, the district court's assumption that a stop sign sets a speed limit leads to several implausible consequences. The first is that if a stop sign sets a speed limit of 0 m.p.h., then, by the government's logic, a driver who runs a stop sign going 20 m.p.h. can be cited for a graver speeding offense than one who merely goes 5 m.p.h. A simpler interpretation is that running a stop sign constitutes only one offense—failure to obey a stop sign—and that a driver must engage in other kinds of conduct before the government can charge him with a second offense such as speeding. Another implausibility is that if a stop sign sets

-4-

a speed limit of 0 m.p.h., then, as E. observes, it would be logically impossible *not* to break the speed limit at a stop sign, for even if one comes to a complete stop, as soon as one starts moving again, one is *ipso facto* driving at a speed faster than 0 m.p.h. We should avoid reading such paradoxes into the statute.[2]

Given that the statute's text is not ambiguous, we need not spend much time addressing the government's argument that our interpretation thwarts Congress's intent in enacting § 758, namely, to punish dangerous "high speed vehicle chases." *See* Omnibus Consolidated Appropriations Act, Pub. L. No. 104-208, Div. C. § 108, 110 Stat. 3009-557 (Sept. 30, 1997) ("Individuals fleeing immigration checkpoints and leading law enforcement officials on high speed vehicle chases endanger law enforcement officers, innocent bystanders, and the fleeing individuals themselves."). The statute, by defining a crime in terms of the "legal speed limit," directly addresses high speed chases from immigration checkpoints. That was not the case here. Congress, of course, is free to expand the scope of the statute to cover E.'s conduct, and the government is free to charge other offenses whose elements fit the facts of this case.

The judgment of the district court is REVERSED and REMANDED.

---

[2] This argument is worthy of Zeno of Elea, famous for the paradox of Achilles and the tortoise, according to which Achilles will never overtake the tortoise because he will always have an infinite number of half distances to cross before he can reach the tortoise. *See* Aristotle, *Physics*, *in* BASIC WORKS OF ARISTOTLE 335-36 (1941).