HARTZ, Circuit Judge,
concurring.
I concur. Although the question is very close for me, I can accept the panel’s view that there was insufficient evidence to prove that Mr. Truong actually knew that the pseudophedrine he was selling was destined for methamphetamine manufacturing. I add a few words, however, in the hope that they may help avoid error in the future.
It seems to me that there was ample evidence to convict Mr. Truong if the jury had been properly instructed. Mr. Truong’s surreptitious .conduct in selling the pseudophedrine would certainly permit a rational juror to infer beyond a reasonable doubt that he knew the purchasers were using the drug for some unlawful purpose and that if he did not know the specific, purpose, he was willfully avoiding that knowledge. The criminal law is not devoid of common sense. “ ‘(T)he rule is that if a party has his suspicion aroused but then deliberately omits to make further enquiries, because he wishes to remain in ignorance, he is deemed to have knowledge.’ ” United States v. Jewell, 532 F.2d 697, 700 (9th Cir.1976) (en banc) (quoting Glanville Llewely Williams, Criminal Law: The General Part, s 57 at 157 (2d ed.1961) (parenthesis in original)). If the jury had been given a deliberate-ignorance instruction, the verdict could be sustained.
Indeed, the prosecution requested such an instruction, but the district court denied the request. We recently affirmed a conviction on the ground that there was sufficient evidence to support a guilty verdict by a properly instructed jury, without our determining whether the evidence supported a verdict based on the instructions actually given, when the prosecution, as here, had unsuccessfully sought the proper instructions. See United States v. Williams, 376 F.3d 1048 (10th Cir.2004). *1292 But in this case the government has not argued a deliberate-ignorance theory on appeal, so we need not decide whether Williams applies. (We also need not address whether, in the event there was sufficient evidence under a deliberate-ignorance theory, we must remand for a new trial for the jury to decide guilt or innocence under that theory.)
Therefore, with considerable misgivings about the outcome here, I join Judge McConnell’s opinion.