**F I L E D**
United States Court of Appeals
Tenth Circuit

February 13, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEFF ALAN WILSON,

Defendant - Appellant.

No. 05-5223
(D. Ct. No. 05-CR-27-CVE-ALL)
(N.D. Okla)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **SEYMOUR**, Circuit Judge, and **ROBINSON**,[*] District Judge.

---

Following a jury trial, Defendant-Appellant Jeff Wilson was convicted of assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6). The District Court sentenced him to 50 months' imprisonment. Mr. Wilson timely appeals his conviction, arguing that the verdict form misstated the applicable law. We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[*]Honorable Julie A. Robinson, United States District Judge for the District of Kansas, sitting by designation.

## I. BACKGROUND

The Government's evidence at trial revealed that, on January 29, 2005, Mr. Wilson spent the afternoon drinking with his girlfriend Luanne Barrett. She consumed approximately six to eight beers while he consumed approximately twelve. They also had some tequila at Ms. Barrett's sister's house. Later that night, Ms. Barrett and Mr. Wilson got into a "shoving match" in one of the bedrooms. The shoving match ended and Ms. Barrett left the bedroom. She placed a phone call and then walked back down the hallway toward the bedroom she had just left. Mr. Wilson jumped out at her and pushed her up against a wall. He made a "punching" motion with one hand and backed away. Ms. Barrett felt a burning sensation on her stomach and discovered she had been cut with a knife. Although Ms. Barrett did not see the knife in Mr. Wilson's hand, she said he routinely carried one clipped to his pocket. A photograph of the cut, which was approximately five inches long, was admitted into evidence. Mr. Wilson testified at trial that he was very drunk that night and had no recollection of hurting Ms. Barrett. He also testified that he did not hurt her. To his recollection, however, he had his knife with him that night.

Mr. Wilson was charged in a two-count indictment for assault with a dangerous weapon with intent to do bodily harm, *see* 18 U.S.C. § 113(a)(3), and assault resulting in serious bodily injury, *see* 18 U.S.C. § 113(a)(6). After all the evidence at trial was presented, the District Court concluded that Mr. Wilson was entitled to a jury instruction for Count Two on a lesser-included offense of assault by striking, beating, or wounding,

*see* 18 U.S.C. § 113(a)(4). The instruction said that the jury could consider the lesser-included offense if it acquitted on the charged offense or made reasonable efforts to reach a verdict on the charged offense. The verdict form, however, stated that the jury could only consider the lesser-included offense if the jury acquitted on the charged offense. Mr. Wilson did not object to the verdict form. Following a jury trial, Mr. Wilson was acquitted on Count One and convicted on Count Two.

## II. DISCUSSION

A.      Standard of Review

"We review jury instructions in their entirety under a de novo standard of review." *United States v. LaVallee*, 439 F.3d 670, 684 (10th Cir. 2006). "In so doing, we analyze, in light of the record, whether the instructions state the governing law and whether the jury was provided an intelligent, meaningful understanding of the applicable issues and standards." *Id.* (quotation omitted). We review verdict forms under the same standard of review applicable to jury instructions. *United States v. Stiger*, 413 F.3d 1185, 1190 (10th Cir. 2005). We will reverse only if we have "substantial doubt that the jury was fairly guided." *United States v. Smith*, 13 F.3d 1421, 1424 (10th Cir. 1994) (quotation omitted). Moreover, because Mr. Wilson did not object below, we review only for plain error. *See LaVallee*, 439 F.3d at 684. "This court has discretion to recognize plain error that was not raised in the district court when (1) there is an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Lawrence*, 405 F.3d 888, 906 (10th Cir. 2005)

(citing *United States v. Cotton*, 535 U.S. 625, 631–32 (2002)), *cert. denied*, --- U.S. ---,

126 S.Ct. 468 (2005).

B.    Merits

The jury instruction on Count Two, assault resulting in serious bodily injury,

provided:

> The law permits the jury to determine the guilt or innocence of the defendant for any crime that is necessarily included within the offense of assault resulting in serious bodily injury, as charged in count two of the indictment.
> If you should find the Defendant "not guilty" of the crime of assault resulting in serious bodily injury, *or if after all reasonable efforts*, you are unable to reach a verdict as to that offense, then you should proceed to determine whether the United States has proven the guilt of the Defendant for the crime of assault by striking, beating, or wounding.

(emphasis added). This instruction conformed to the Tenth Circuit's pattern jury

instructions. *See* 10th Cir., *Criminal Pattern Jury Instructions* (2005 ed.)*,* No. 1.33. The

verdict form for Count Two stated, however, that "[o]nly if you answered 'Not Guilty' to

Count Two, proceed to the verdict form entitled, 'Verdict Form—Necessarily Included

Offense.'" Mr. Wilson contends that the verdict form misstated the law and barred the

jury from considering the lesser-included offense even if the jurors had made reasonable

efforts to decide the charged offense.

As an initial matter, we agree with Mr. Wilson that the verdict form misstated the

applicable law. But the error does not inure to the benefit of Mr. Wilson on appeal. This

Court recently noted, in *United States v. Bruce*, 458 F.3d 1157 (10th Cir. 2006), that

assault by striking, beating, or wounding is not a lesser-included offense of assault

- 4 -

resulting in serious bodily injury because the former requires a touching and is akin to common law battery, while the latter does not necessarily require a physical touching. *Id.* at 1162 n.1; *see also Schmuck v. United States*, 489 U.S. 705, 716 (1989) ("[O]ne offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense."). As such, Mr. Wilson was not entitled to an instruction on assault by striking, beating, or wounding, and the District Court erred (in Mr. Wilson's favor) by giving one.

The only remaining question is whether the conflict between the jury instruction and the verdict form somehow amounts to reversible error. We conclude that it does not. Under the facts of this case, Mr. Wilson cannot meet the third prong of plain error review, which requires that he "make a specific showing of prejudice." *United States v. Atencia*, 435 F.3d 1222, 1231 (10th Cir. 2006).

To demonstrate prejudice, the defendant must show "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 733 (10th Cir. 2005) (quoting *United States v. Dominquez Benitez*, 542 U.S. 74 (2004)). In this case, the jury instruction directed the jury to consider the lesser offense if it acquitted on the charged offense or made reasonable efforts to reach a verdict on the charged offense. The verdict form instructed the jury to consider the lesser offense only if it acquitted on the charged offense. The jury subsequently convicted Mr. Wilson on the charged offense. Hence, regardless of whether the jury followed the language in the jury instruction or the verdict form, it never

considered the "lesser" offense of assault by striking, beating, or wounding. Because Mr. Wilson was not entitled to any instruction on the latter offense and the jury only considered the charged offense, the instruction on the latter offense was superfluous. That is, the conflicting language in the instruction and the verdict form simply had no effect on the outcome of the case, and Mr. Wilson has failed to demonstrate prejudice.

Mr. Wilson argues that the District Court agreed to the instruction on assault by striking, beating, or wounding because the Government's evidence with respect to the seriousness of Ms. Bennett's injury was weak. Even if we were to construe Mr. Wilson's argument on appeal as challenging his conviction on evidentiary grounds, we would nevertheless affirm his conviction. As we explain below, a de novo review of the record reveals evidence sufficient to sustain his conviction. *See United States v. Chavis*, 461 F.3d 1201, 1207 (10th Cir. 2006) ("Sufficiency of the evidence is a question of law that we review de novo, asking only whether taking the evidence–both direct and circumstantial, together with the reasonable inferences to be drawn therefrom–in the light most favorable to the government, a reasonable jury could find the defendant [ ] guilty beyond a reasonable doubt." (alteration in original) (quotations omitted)).

A "serious bodily injury" is a bodily injury "which involves (A) a substantial risk of death; (B) extreme physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty." 18 U.S.C. §§ 113(b)(2), 1365(h)(3). The jury heard testimony that Mr. Wilson stabbed Ms. Bennett while he had her pushed up against a wall. Specifically, Ms. Bennett

testified that Mr. Wilson "made a punching motion with his hand" and then Ms. Bennett felt a "burning sensation" and looked down to see that she was covered in blood. She was later treated at the hospital. In addition, the jury saw a photograph depicting a five-inch wound on Ms. Bennett's abdomen. Although Ms. Bennett did not use the word "extreme" to describe her pain (nor was she asked by either the prosecution or the defense counsel to describe her pain), "juries may use common sense to evaluate the evidence and make reasonable inferences from it." *United States v. Taylor*, 226 F.3d 593, 601–02 (7th Cir. 2000) (alteration and quotation omitted) (concluding that a jury would have found beyond a reasonable doubt that a gun-shot wound to the arm requiring hospital treatment caused "extreme physical pain"). A jury could certainly conclude that a stabbing, resulting in a five-inch wound, would cause extreme physical pain. Viewing the evidence in the light most favorable to the Government, we therefore conclude that a reasonable jury could find Mr. Wilson guilty beyond a reasonable doubt.

Finally, Mr. Wilson argues that the law of the case doctrine should apply and that the agreed upon jury instruction became the "law of the case." This doctrine has no application in this case. As the Government points out, the doctrine "is applied to hold the government to the burden of proving each element of a crime as set out in a jury instruction to which it failed to object, even if the unchallenged jury instruction goes beyond the criminal statute's requirements." *United States v. Williams*, 376 F.3d 1048, 1051 (10th Cir. 2004). Here, there is no dispute that the jury was properly instructed on each element of the charged offense and that the Government proved each element

beyond a reasonable doubt.[1]  Accordingly, this argument is without merit.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

---

[1]The elements of the offense of assault resulting in serious bodily injury are that (1) the defendant committed an assault; (2) the victim suffered serious bodily injury; (3) the assault occurred in Indian country; and (4) the defendant is an Indian. *United States v. Zunie*, 444 F.3d 1230, 1233 (10th Cir. 2006) (citing 18 U.S.C. §§ 113(a)(6) and 1153).