FILED
United States Court of Appeals
Tenth Circuit

**April 14, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JUSTIN MICHAEL DOUGHERTY,
a/k/a Clyde Leroy Jenkins,

Defendant–Appellant.

No. 08-8037
(D.C. No. 2:07-CR-00249-ABJ-1)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

Justin Michael Dougherty was convicted by a jury of possession of a

firearm after a previous felony conviction in violation of 18 U.S.C. §§ 922(g)(1)

and 924(a)(2). The district court sentenced him to 120 months' imprisonment, the

---

[*] After examining the briefs and appellate record, the panel unanimously
grants the parties' request for a decision on the briefs. The case is ordered
submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and
10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except
under the doctrines of law of the case, res judicata, and collateral estoppel. The
court generally disfavors the citation of orders and judgments; nevertheless, an
order and judgment may be cited under the terms and conditions of 10th Cir. R.
32.1.

maximum sentence under § 924(a)(2). He now appeals, arguing that the district court erred by admitting irrelevant and extrinsic evidence. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

On June 16, 2006, police in Rock Springs, Wyoming, were summoned to a local motel by a call from a James Burch, who informed them of a shooting. When police arrived, they saw Dougherty leaving a room at the motel. After a brief foot chase during which Dougherty pointed a gun at an officer and the officer shot at him, Dougherty was apprehended. Although he was not carrying a gun when he was arrested, police recovered a Sig Sauer 9mm handgun nearby. Officers recovered a holster attached to Dougherty's waist.

Meanwhile, police found Zachariah Strange in the room from which Dougherty had earlier emerged. Strange had been shot in the chest. After he was transferred to a local hospital, Strange told police that Dougherty had accused him of being an informant with the Wyoming Department of Criminal Investigation ("DCI") and threatened him with a gun. When Strange refused to give Dougherty the pass code to his cell phone, Dougherty shot him. Approximately four hours after Dougherty's arrest, after obtaining consent, officers searched Strange's vehicle. In the trunk, they found a bag containing twenty-four 9mm Winchester rounds, a work schedule for Dougherty, and a traffic citation issued to Dougherty.

The morning of trial, Dougherty filed a motion in limine to exclude any evidence of statements made by Dougherty relating to his suspicion that Strange was a DCI informant or that Dougherty had threatened Strange ("the statement evidence"). He further asked that evidence of the ammunition found in the bag also be excluded ("the ammunition evidence"). The motion was denied. In its ruling, the district court stated that "both the statements and the ammunition have an evidentiary value in establishing the intent, the absence of mistake, and are inextricably intertwined with the facts and circumstances of this case, the res gestae."

## II

Dougherty appeals the denial of the motion in limine. He argues that the admissibility of the statement evidence and the ammunition evidence is governed by Federal Rule of Evidence 404(b), and the government failed to give appropriate notice as required by that rule. Alternatively, he contends that the evidence is irrelevant to the crime charged and substantially more prejudicial than probative in violation of Rule 403. We review the district court's decision to admit evidence for abuse of discretion. United States v. Sarracino, 131 F.3d 943, 948 (10th Cir. 1997). "We cannot reverse a district court's ruling if it falls within the bounds of permissible choice in the circumstances and is not arbitrary, capricious or whimsical." United States v. Smith, 534 F.3d 1211, 1218 (10th Cir. 2008) (quotation omitted).

Rule 404(b) of the Federal Rules of Evidence provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial.

"[I]t is well settled that Rule 404(b) does not apply to . . . evidence that is intrinsic to the crime charged." United States v. Parker, 553 F.3d 1309, 1314 (10th Cir. 2009) (quotation and alteration omitted). "Generally speaking, intrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." Id. (quotation and alteration omitted). Rule 404(b) is subject to harmless error review. United States v. Williams, 376 F.3d 1048, 1054-55 (10th Cir. 2004).

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. "Under Rule 403's balancing test, it is not enough that the risk of unfair prejudice be greater than the probative value of the evidence; the danger of that prejudice must substantially outweigh the evidence's probative value. . . . In engaging in the requisite balancing, we give the evidence its maximum reasonable probative

force and its minimum reasonable prejudicial value." <u>United States v. Cerno</u>, 529 F.3d 926, 935 (10th Cir. 2008) (citations and quotation omitted). However, we need not engage in this balancing on appeal if we conclude that admission of the evidence was harmless. <u>Smith</u>, 534 F.3d at 1220.

**A**

Dougherty first challenges the admission of the statement evidence under both Rule 403 and 404(b). He contends that the statement evidence was irrelevant to the firearm charge and highly prejudicial because it indicated to the jury that he was involved in illegal activity apart from the charged crime. Second, he argues that because the statement evidence could have occurred independently of the gun possession, it was extrinsic and subject to Rule 404(b). However, we need not reach the question whether the district court erred because any error that may have occurred was harmless. <u>See</u> <u>Smith</u>, 534 F.3d at 1220; <u>Williams</u>, 376 F.3d at 1054.

"A non-constitutional error is harmless unless it affects the substantial rights of a party." <u>Smith</u>, 534 F.3d at 1220 (citation omitted). "An erroneous admission of evidence is harmless unless it had a substantial influence on the outcome or it leaves one in grave doubt as to whether it had such an effect." <u>Williams</u>, 376 F.3d at 1054-55. "The government bears the burden of showing that an error is harmless." <u>Smith</u>, 534 F.3d at 1220 (citation omitted). In light of

the overwhelming evidence of Dougherty's guilt, we agree with the government that the admission of the statement evidence was harmless.

First, the jury heard testimony from multiple eyewitnesses that they had seen Dougherty holding the gun. Strange testified that Dougherty pulled a gun from his holster immediately upon entering the room and that when he attempted to leave the room, Dougherty "pulled the gun to [Strange's] forehead sideways." Strange begged Dougherty to put the gun away, but he refused. Then, as Strange got up to leave, he told Dougherty that he was going to call 911, at which time Dougherty shot him in the chest. In court, Strange identified the gun Dougherty had used to shoot him. Burch also testified that Dougherty was holding a gun when he entered the motel room. Importantly, law enforcement personnel identified the gun in evidence as the firearm Dougherty was carrying when he exited the motel room.

In addition, although Dougherty did not have a firearm on his person when he was arrested, he was wearing a holster and the gun was found near where he was apprehended. Strange testified that Dougherty had left a bag in Strange's car before they entered the motel room. When the car was searched four hours after the shooting, the bag contained ammunition matching the gun, Dougherty's work schedule, and a traffic citation issued in his name. Ammunition matching that found in the bag was loaded in the gun. The investigating officer testified that the round in the motel room wall matched the round that had been recovered from

the pistol. Further, a trace-evidence examiner from the Wyoming State Crime Laboratory testified that Dougherty had gunshot residue on his face and on one of his hands, and a special agent with the Wyoming Division of Criminal Investigation testified that, toward the end of an interview, Dougherty spontaneously stated that "[w]hat happened yesterday was an accident."

Given this overwhelming evidence against Dougherty, if the statement evidence was admitted in error, it nonetheless "did not have a substantial influence on the outcome or call the verdict into grave doubt." Smith, 534 F.3d at 1220 (quotations omitted).

**B**

Dougherty challenges the denial of the motion in limine regarding the ammunition evidence. The district court concluded that the presence of the ammunition in Dougherty's luggage had evidentiary value and was "inextricably intertwined with the facts and circumstances of this case, the res gestae." Thus, it was intrinsic to the charged crime and not subject to the notice requirements of Rule 404(b), so the district court admitted it. We conclude that these decisions were not in error.

At trial, the government had the burden of proving that Dougherty "knowingly possessed a firearm." United States v. Jameson, 478 F.3d 1204, 1209 (10th Cir. 2007). Because the gun was not on his person when he was arrested, the government advanced circumstantial evidence that Dougherty knowingly

possessed it, and the ammunition was a central piece of that evidence. <u>See</u> <u>United States v. Springfield</u>, 196 F.3d 1180, 1184 (10th Cir. 1999) (ammunition belonging to the defendant and matching the gun reflects on knowing possession). Police found the ammunition in a bag with Dougherty's other personal possessions in a vehicle in which he had recently been a passenger. It was of the same caliber as the gun that shot Strange and the gun found near Dougherty. Because the ammunition was so intertwined with the charged conduct, it was intrinsic evidence that did not fall under Rule 404(b). Furthermore, possession of ammunition after a felony conviction is a separate chargeable offense whose potential prejudice did not outweigh its relevance. Thus, admission of the ammunition evidence does not run afoul of Rule 403.

### III

**AFFIRMED.**

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge