NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0723n.06

No. 14-3099

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 16, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| BRIAN P. HORTON, | ) | |
| | ) | |
| Defendant - Appellant. | ) | |

Before: BOGGS and DONALD, Circuit Judges, and HOOD, District Judge.[*]

BOGGS, Circuit Judge.  A federal grand jury indicted Brian Horton for mailing a threatening communication, in violation of 18 U.S.C. § 876(c).  The district court denied Horton's motion to dismiss the indictment for insufficiency.  It found that the indictment sufficiently charged the elements of the offense.  We agree and affirm.

I

A

On June 7, 2011, Horton, a resident of Akron, Ohio, called the chambers of a state-court judge on the Florida Fifth Judicial Circuit Court.  Horton called to complain about the manner in which the court was handling a family member's estate.  Horton allegedly inquired about obtaining a record of a probate hearing regarding his late mother's estate.  The government

---

[*] The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

alleges that Horton, upset with the answer he received from a court employee, stated that if something happened to an attorney involved in the case or to Horton's sister, "it would be on the court."

On or about June 13, 2011, Horton mailed a letter to the same chambers that he had telephoned. The letter stated in part:

> I should have said I want to Kill both of them in cold blood . . . . I have exhausted all avenues in FL. Your office knows that what I am saying is true. Vigilante I will be. If I have a jury of my peers I want them to spare my life because I tried the Legal system in Florida and it failed to hold up the laws of the land in Fl. Maybe this will get a crimal [sic] hearing if I take the law into my own hands.

B

On August 31, 2011, a federal grand jury in the Northern District of Ohio indicted Horton with mailing a threatening communication, in violation of 18 U.S.C. § 876(c). The district court ordered a competency evaluation. The court subsequently found Horton incompetent to stand trial, and on April 22, 2013, it ordered Horton to be forcibly medicated and restored to competency. *See United States v. Horton*, 941 F. Supp. 2d 843 (N.D. Ohio 2013). The district court subsequently determined Horton to be restored to competency. In the interim, Horton was in the custody of the Bureau of Prisons at a federal medical center.

On July 10, 2013, Horton, represented by counsel, moved to dismiss the indictment for insufficiency. Horton argued that the indictment failed to state a person to whom the communication was addressed or directed, failed to state the nature of the charges, and failed to state the contents of the alleged threat. The district court denied the motion in a reasoned opinion. It first held that the identity of the subject of the alleged threat is not an essential element of § 876(c). *United States v. Horton*, No. 5:11CR393, 2013 WL 6493596, at *3 (N.D. Ohio Dec. 10, 2013). The court determined that to the extent § 876(c) requires the addressee to

2

be a natural person, the indictment was sufficient. Additionally, the district court held that the indictment sufficiently charged the nature of the conduct.[1] *Id.* at \*5–6.

On December 12, 2013, Horton pleaded guilty pursuant to a plea agreement. He preserved his right to appeal the denial of the motion to dismiss the indictment. On January 23, 2014, the district court sentenced Horton to time served and three years of supervised release. The court imposed a condition of community confinement, in which it ordered Horton to reside for up to six months in a halfway house.

## II

We review de novo the sufficiency of an indictment. *United States v. Anderson*, 605 F.3d 404, 410 (6th Cir. 2010). We restrict our review to the four corners of the indictment. *United States v. Ferguson*, 681 F.3d 826, 831 (6th Cir. 2012).

## III

### A

The Federal Rules of Criminal Procedure have put an end to "the rules of technical and formalized pleading which had characterized an earlier era." *Russell v. United States*, 369 U.S. 749, 762 (1962). Today, the indictment must simply be "a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c). The modern rule "encourage[s] succinct criminal pleadings." *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992).

---

[1] The district court, perhaps misleadingly, stated: "'An indictment is to be construed liberally in favor of its sufficiency.'" *Horton*, 2013 WL 6493596, at \*2 (quoting *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007). *McAuliffe*, in turn, relies on *United States v. Davies*, 306 F.3d 398, 411 (6th Cir. 2002), for support for that proposition. *Davies*, however, makes clear that liberal construction in favor of sufficiency only applies "where a defendant does not challenge an indictment until appeal." *Davies*, 306 F.3d at 411; *accord United States v. Norman*, 391 F.2d 212, 214 (6th Cir. 1968).

The Constitution imposes two requirements on an indictment: it must "contai[n] the elements of the offense charged and fairly infor[m] a defendant of the charge against which he must defend," and it must also "enabl[e] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007).

The general rule is that an indictment is sufficient if its language tracks the statute. *Hamling v. United States*, 418 U.S. 87, 117 (1974) ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself."); *Gooding*, 25 U.S. at 474 ("In general, it may be said, that it is sufficient certainty in . . . an indictment to allege the offence in the very terms of the statute."); *cf. Hamling*, 418 U.S. at 117 (clarifying that the general rule applies so long as the statutory language provides all the elements of the offense); *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992) ("An indictment will usually be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense.").

B

Section 876(c) proscribes in part "knowingly . . . deposit[ing] . . . any communication [in any post office or authorized depository for mail matter, to be sent or delivered by the Postal Service] with or without a name or designating mark subscribed thereto, addressed to any other person and containing . . . any threat to injure the person of the addressee or another."

Relevant to this case, a § 876(c) violation requires that a threatening communication be "addressed to any other person" and that it contain a "threat to injure the person of the addressee or another."[2] Because Horton offers no reason for believing that the statute does not clearly

---

[2] The district court and the government rely on the Fourth Circuit's description of § 876(c) as having three elements. *See United States v. Rendelman*, 641 F.3d 36, 44 (4th Cir. 2011) ("[F]irst, that the accused caused a communication to be delivered by the Postal Service,

4

provide all the elements of conviction, we presume that the general rule applies: the indictment is sufficient if it tracks the statute.

Horton's indictment states:

On or about June 7, 2011, through June 14, 2011, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendant, BRIAN P. HORTON, knowingly did deposit in an authorized depository for mail matter, to be sent and delivered by the Postal Service, and caused to be delivered by the Postal Service according to the directions thereon, a communication addressed to the Florida Fifth Judicial Circuit, Middle District of Florida, and containing a threat to injure another person, in violation of Title 18, Section 876(c), United States Code.

1

Horton argues that the indictment is insufficient because it "fails to state a person to whom the communication was addressed or threatened." The indictment states that Horton's communication was "addressed to the Florida Fifth Judicial Circuit, Middle District of Florida." Horton argues that this is insufficient because "Florida Fifth Judicial Circuit, Middle District of Florida" is not a natural person.

A threatening communication, under § 876(c), must be "addressed to any other person." The word "person" can have multiple meanings. *See FCC v. AT & T, Inc.*, 131 S. Ct. 1177, 1181–84 (2011). Federal law does not define "person" expressly for § 876(c) purposes, and the district court noted that this circuit has yet to interpret "person" as used in § 876(c). When another statutory definition or context does not indicate otherwise, the word "person" in the U.S. Code "include[s] corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." 1 U.S.C. § 1. A divided Ninth Circuit en banc panel

---

addressed to any other person (the 'Mailing Element'); second, that the communication contained a threat to injure the person of the addressee or another (the 'Threat Element'); and, third, that the defendant knowingly mailed the threatening communication (the 'Mens Rea Element').").

has held, based on statutory context, that § 876(c) "requires that the threatening communications be addressed to a natural person." *United States v. Havelock*, 664 F.3d 1284, 1286 (9th Cir. 2012) (en banc). In that case, the defendant addressed his communications to "the New York Times, the Los Angeles Times, the Phoenix New Times, . . . the Associated Press . . . [and] two music-related websites, theshizz.org and azpunk.com." *Id.* at 1287. It is not clear to us that "person" in the statutory phrase "addressed to any other person" necessarily need always refer to a natural person.

Even if "addressed to any other person" did refer only to natural persons, there is no basis for concluding that it must identify a person by name, as Horton essentially argues. Three circuits have held, for § 876(c) purposes, that the name of an entity or office reasonably refers to a person holding that office. *See United States v. Rendelman*, 641 F.3d 36, 39 (4th Cir. 2011) (indictment alleging that communication addressed to "'United States Marshal's Service' Sacramento, CA 95814" "can reasonably be understood as addressed to the United States Marshal himself"); *United States v. Davila*, 461 F.3d 298, 308–09 (2d Cir. 2006) (in affirming sufficiency of § 876(c) indictment that alleged an envelope was sent to "Connecticut State's Attorney's Office in Bridgeport," the court held that the "Connecticut State's Attorney is a person" and that "the words 'Connecticut State's Attorney's Office' are reasonably understood to indicate that person's office"); *United States v. Williams*, 376 F.3d 1048, 1054 (10th Cir. 2004) (jury could reasonably infer that envelope addressed to "U.S. Dist. Attorney Office's" referred to the U.S. Attorney). We agree with this logic. To the extent that an indictment alleging a § 876(c) violation must refer to a natural person, the indictment here—alleging a communication "addressed to the Florida Fifth Judicial Circuit, Middle District of Florida"—is sufficient.

Even under this rule, Horton argues, the indictment is insufficient because no entity named "Florida Fifth Judicial Circuit, Middle District of Florida" exists. There is no reason to read the phrase "Florida Fifth Judicial Circuit, Middle District of Florida" as referring only to a single entity with that name. As is commonplace, the comma in the phrase separates a smaller geographic unit that is wholly contained within a larger geographic unit. Indeed, the Florida Fifth Judicial Circuit lies entirely within the Middle District of Florida. It is sensible to read the phrase as "Florida Fifth Judicial Circuit, located within the Middle District of Florida." Alternatively, a comma is often used to list items in the conjunctive. Under that interpretation, the grand jury may have meant to allege that Horton sent a threatening communication *both* to the Florida Fifth Judicial Circuit and to the U.S. Middle District of Florida—in which case the prosecution would only need to establish one theory for a conviction. *Cf. Stirone v. United States*, 361 U.S. 212, 217–19 (1960). The grand jury's use of the phrase "Florida Fifth Judicial Circuit, Middle District of Florida" does not render the indictment insufficient.

2

Horton's other arguments are without merit. He argues that the indictment failed to specify the "nature of the charges" because it did not affirmatively indicate whether the government sought an enhanced statutory maximum sentence under § 876(c). The statute provides for a maximum sentence of ten years of imprisonment if the threatening communication is addressed to a United States judge, a federal law-enforcement officer, or an on-duty United States employee. §§ 876(c), 1114. "[A]ny fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in the indictment." *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000). Because the indictment did not charge that Horton sent a threatening communication to a United States judge, a federal law-enforcement officer, or an on-duty United

7

States employee, Horton was not eligible for—and did not receive—the enhanced ten-year maximum sentence. There is no requirement that an indictment affirmatively disavow every possible statutory enhancement. Horton's indictment charged every element necessary for the maximum five-year sentence to which his guilty plea exposed him.

Additionally, Horton argues that the indictment is insufficient because it did not specify the contents of the alleged threat and "lack[ed] the language of the alleged threat." Section 876(c) requires that a communication "contai[n] . . . [a] threat to injure the person of the addressee or of another." The indictment charged that Horton's communication "contain[ed] a threat to injure another person." There is no requirement that an indictment charging a § 876(c) violation contain the contents or language of the threat, and Horton points to no case suggesting such.

Finally, Horton argues that that the indictment is too vague and indefinite to protect Horton from double jeopardy. The Constitution requires that an indictment "enabl[e] [defendants] to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Resendiz-Ponce*, 549 U.S. at 788. Horton contends that the indictment "fails to identify a single fact or detail." The indictment, however, contained the following factual details: a seven-day timeframe during which Horton committed the offense, the place where Horton mailed the threatening communication, and the entity to whom Horton addressed the communication. This is sufficient to protect Horton from double jeopardy, and Horton cites no case suggesting otherwise.

IV

It is common knowledge for prosecutors that there is an advantage in utilizing less specificity in an indictment so that allegations can cover great factual variation. As the Supreme

8

Court has said: "[W]hen only one particular kind of [conduct] is charged to have [occurred] a conviction must rest on that charge and not another, even though it be assumed that under an indictment drawn in general terms a conviction might rest upon a showing that [conduct] of one kind or another had [occurred]." *Stirone*, 361 U.S. at 218.

When a statute provides all elements of the offense, an indictment is generally sufficient if it tracks the statute. Because Horton's indictment closely tracks the language of § 876(c) and contains factual details, we AFFIRM the district court's judgment.